UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

HAROLD PORTER                    CIVIL ACTION NO. 6:19-0265

VERSUS                           JUDGE SUMMERHAYS

STRYKER CORP., ET AL.            MAGISTRATE JUDGE WHITEHURST

**SUPPLEMENTAL MEMORANDUM RULING
AND REPORT AND RECOMMENDATION**

On August 12, 2019, the undersigned ruled on the Motion to Remand [Doc. 8] filed by the plaintiff, Harold Porter ("plaintiff"), in which the plaintiff argued this lawsuit had been improperly removed because defendant Lafayette General Surgical Hospital ["LGSH"] is a Louisiana citizen and therefore complete diversity was lacking. The district judge is referred to Document 8 in its entirety for a full explanation of the undersigned's reasons for ruling. Finding that LGSH was improperly joined in this matter, the undersigned disregarded the citizenship of LGSH for the purposes of the ruling and determined that the remaining defendants are diverse in citizenship. Therefore, the motion to remand was denied.[1]

---

[1] This ruling has not been appealed by any party.

˘1˘

Despite the undersigned's ruling on the Motion to Remand, however, LGSH remains a defendant in this matter.[2] Based on the undersigned's previous finding that LGSH was improperly joined, the undersigned recommends that LGSH be dismissed as a party to this lawsuit.

Considering the foregoing, it is RECOMMENDED, for the reasons stated in the undersigned's August 12, 2019 Ruling [Doc. 8], that LGSH be DISMISSED WITHOUT PREJUDICE as a defendant in this matter.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon

---

[2] On January 8, 2020, the record reflects that the plaintiff filed an Amended Complaint [Doc. 22], wherein LGSH is reflected as a defendant in this case.

grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 12th day of February, 2020.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE