UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **HAROLD PORTER** | **CASE NO. 6:19-CV-00265** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LAFAYETTE GENERAL SURGICAL HOSPITAL L L C ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**MEMORANDUM RULING**

Presently before the Court is the Defendants' Motion for Summary Judgment [ECF No. 53]. No objection to the motion has been filed.

**I.**
**BACKGROUND**

On January 10, 2018, Plaintiff underwent a bilateral Mako "robotic-assisted unicompartmental knee arthroplasties" performed by Dr. Otis Drew, M.D. ("Dr. Drew") at the Lafayette General Surgical Hospital (the Hospital").[1] During the procedure, Dr. Drew implanted prosthetic knee implants in both of Plaintiff's knees.[2] Specifically, the procedure was performed at Lafayette General Surgical Hospital, LLC,[3] using a Mako Surgical Corporation robotic arm and system ("Mako robotic system").[4] Plaintiff alleges that the Mako robotic system "was developed, manufactured, sold and/or distributed by Mako and/or Stryker and/or Howmedica."[5] Plaintiff sought further medical treatment on February 17, 2018,[6] complaining of knee pain. He was

---

[1] Doc. 22.
[2] *Id.* at 5.
[3] The Hospital was dismissed as a party on March 3, 2020. Doc. 31.
[4] *Id.* at 2.
[5] *Id.*
[6] *Id.* at 6.

1

ultimately diagnosed with tibial plateau fractures of both knees.[7] Plaintiff was referred to another orthopedic surgeon for additional medical treatment, including revision knee arthroplasties and operative fixation of his tibial plateau fractures.[8]

On January 10, 2019, Plaintiff filed a Petition for Damages in the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana, seeking recovery for personal injuries that he allegedly suffered as a result of the Mako robotic knee replacement system used during his initial surgery.[9] The case was subsequently removed to this court. Plaintiff asserts negligence claims against the Hospital, Mako Surgical Corporation ("Mako"), Howmedica Osteonics Corporation ("Howmedica"), and Stryker Corporation ("Stryker"). These claims are grounded on Plaintiff's allegations that Mako robotic system was negligently operated during his procedure, and that this negligence resulted in bone fractures and other injuries. Plaintiff also asserts product liability claims against Mako and Howmedica on the grounds that the Mako robotic system "was unreasonably dangerous and exposed him to an unreasonable risk of injury."[10] Finally, Plaintiff alleges liability on the grounds of *res ipsa loquitur*.

On March 17, 2021, the Court extended all scheduling deadlines by ninety days at the request of Plaintiff. Pursuant to the extended deadlines, Plaintiff's expert disclosures and reports were due no later than May 24, 2021. Defendants Mako and Howmedica (collectively "Defendants") have filed the present motion arguing that Plaintiff has failed to designate any expert witness and that, given the nature of the case, cannot establish all of the essential elements of his claims without expert testimony. Further, they contend that Plaintiff has not established the elements required for the *res ipsa loquitur* doctrine.

---

[7] *Id.*
[8] *Id.* at 6-7.
[9] *Id.*
[10] *Id.* at

2

## II.
## LAW AND ANALYSIS

### A. Summary Judgment Standard

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[11] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[12] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[13] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[14]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[15] "Credibility determinations are not part of the summary judgment analysis."[16] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the

---

[11] Fed. R. Civ. P. 56(a).
[12] *Id.*
[13] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[14] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[15] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[16] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).

existence of an element essential to that party's case, and on which that party will bear the burden of proof."[17]

### B. Expert Testimony.

Causation is an essential element of Plaintiff's negligence and product liability claims. Louisiana courts have consistently held that "in tort actions involving complex medical devices and concepts, medical causation cannot be established without the aid of expert medical testimony because these matters are not within the common knowledge of a layperson."[18] The present case involves complex causation issues with respect to the design, manufacture, and use of the Mako robotic system. Yet, Plaintiff has designated no expert to address causation and his deadline to do so has expired. Whether expert testimony is necessary to prove causation is a question of law.[19] , The Court finds that the lack of expert testimony on the issue of causation is fatal to Plaintiff's claims because Plaintiff's claims involve complex medical technology and procedures. Thus, here, "medical causation is not something a layman can readily grasp or divine without some expert guidance."[20] Moreover, Plaintiff has not responded to the instant motion or otherwise identified any triable issue on his negligence and product liability claims.

### C. *Res Ipsa Loquitur*.

The moving parties further contend that Plaintiff cannot satisfy the elements required to recover under the *res ipsa loquitur* doctrine. *Res ipsa loquitur* is applied when:

---

[17] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catlett*, 477 U.S. 317, 322 (1986)).
[18] *See Patton v. Boston Scientific Corp.*, No. 15-1976, 2018 WL 4760846, at *2 (W.D. La. Oct. 2, 2018) (*citing Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)); *Shepard v. Johnson & Johnson*, No. 17-1604, 2019 WL 5585001, at *4 (W.D. La. Oct. 29, 2019) ("Unless a product or product feature is 'relatively uncomplicated . . . such that a layman could readily grasp' it, expert testimony is required to prove causation . . . .") (quoting *Stewart v. Capital Safety USA*, 867 F.3d 517, 521 (5th Cir. 2017)).
[19] *Martinez v. Ethicon* Inc., No. 7:19-CV-00164, 2020 WL 2113638, at *2 (S.D. Tex. May 1, 2020).
[20] *Rhodes v. Bayer Healthcare Pharmaceuticals, Inc.*, No. 10-1695, 2013 WL 1282450, at *7–8 (W.D. La. Mar. 28, 2013).

4

(1) the defendant has actual control of the agency, instrumentality or conditions which caused plaintiff's injuries;

(2) the evidence as to the true cause of plaintiff's loss is more readily accessible to defendant than plaintiff; and

(3) the accident is of a kind that does not occur in the absence of negligence and/or the circumstances attending the accident create an inference of negligence on the part of defendant.[21]

It is an "evidentiary doctrine, applied after the factual evidence has been submitted, which may be used 'only if there is sufficient circumstantial evidence to suggest that the only reasonable cause of the plaintiff's injury is the defendant's breach of the standard of care.'"[22]

Mako and Howmedica argue that Plaintiff cannot satisfy the essential elements of the *res ipsa loquitur* doctrine because Plaintiffs' own allegations point to the negligence of parties *other* than Mako and Howmedica as contributing to his injuries. Specifically, they point to the malpractice claim asserted against Plaintiff's surgeon, Dr. Drew. Again, Plaintiff has not responded to Defendants' motion or otherwise identified any triable issues. Accordingly, the Court concludes that Plaintiff cannot rely on the *res ipsa loquitur* doctrine as a matter of law.[23]

Based on the foregoing, the Motion for Summary Judgment is **GRANTED**. Plaintiff's claims against Defendants are **DISMISSED**.

THUS DONE in Chambers on this 28th day of July, 2021.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[21] *Shahine v. Louisiana State Univ. Med. Ctr. in Shreveport*, 680 So.2d 1352, 1355 (La.App. 2 Cir. 9/27/96).
[22] *Rice v. Cornerstone Hosp. of W. Monroe, L.L.C.*, 674 F. App'x 391, 392 (5th Cir. 2017) (quoting *Gisclair v. Bonneval*, 928 So.2d 39, 45 (La.App. 1 Cir. 12/22/05)).
[23] *See Lirette v. DePuy Mitek, L.L.C.*, 2014 WL 5445777, at *5 (W.D. La. Oct. 20, 2014).